# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GERSON NUNEZ,** :
:
    **Plaintiff** :
: **CIVIL NO. 3:CV-05-1763**
    **vs.** :
: **(JUDGE VANASKIE)**
**WARDEN CAMERON LINDSAY,** :
:
    **Defendant** :

## M E M O R A N D U M

**I.**      **Introduction**.

Nunez, a federal inmate housed at FPC-Canaan in Waymart, Pennsylvania, has filed a Bivens action alleging, inter alia, that prison officials have implemented a discriminatory local rule of photographing visitors prior to granting them visitation with inmates. The photographs are then stored in a computer file ostensibly for identification purposes. In retaliation for questioning Defendants about this practice, Nunez was allegedly removed from his job in the prison law library. Additionally, Plaintiff alleges that on multiple occasions prison officials improperly opened his legal mail outside of his presence. (See Dkt. Entry 30, Amended Complaint.)

Presently before the Court is Plaintiff's Motion to certify this case as a class action pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure. (Dkt. Entry 28.) Nunez seeks to certify the class in this matter as "those persons who are or will be visiting

incarcerated individuals at both FPC-Canaan, and USP-Canaan, and at other Federal Prisons who have adopted the same course of conduct" of implementing local rules requiring the collection and retention of inmate visitors' photographs or opening legal mail outside of the presence of the inmate.  (Id.)  This motion will be denied as Nunez, a pro se litigant, is an inappropriate representative of the interests of others in a class action.

**II.        Discussion.**

Four prerequisites must be met to obtain certification of a class:  1) the class is so numerous that joinder of all members is impracticable;  2) there are questions of law or fact common to the class;  3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;  and 4) the representative parties will fairly and adequately protect the interests of the class.  See Fed.R.Civ.P. 23(a).  A district court can only certify a class if all four requirements of Rule 23(a) are met.  In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09 (3d Cir.1998).  Nunez, who is proceeding pro se, cannot satisfy the fourth element.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.)"[1]  Generally, a pro se litigant, incarcerated or

---

[1] In numerous non-precedential decisions, the Third Circuit has followed the Fourth Circuit's decision in Oxendine.  See Ezekoye v. Ocwen Federal Bank FSB, 179 Fed.
(continued...)

not, is not permitted to represent the interest of a class in a class action lawsuit. See Blue v. Defense Logistics Agency, 181 Fed. Appx. 272 (3d Cir. 2006)(non-incarcerated pro se plaintiff in a Title VII class denied class certification as she could not adequately represent the interests of the other class members); see also Ezekoye v. Ocwen Federal Bank FSB, 179 Fed. Appx. 111 (3d Cir. 2006)(Pro se mortgagor filing against mortgage holder bank could not represent interests of class).

### III.    Conclusion.

Accordingly, because Plaintiff is an incarcerated, pro se litigant, the Court finds that he is not an appropriate representative of the proposed class. Therefore, the Court will deny Plaintiff's request for class certification.  An appropriate Order is attached.

                                                   **s/ Thomas I. Vanaskie**
                                                   Thomas I. Vanaskie
                                                   United States District Judge

---

[1](...continued)
Appx. 111 (3d Cir. 2006); Lewis v. City of Trenton Police Dept., 175 Fed. Appx. 552 (3d Cir. 2006); Alexander v. New Jersey State Parole Bd., 160 Fed.Appx. 249 (3rd Cir. 2005).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERSON NUNEZ,** | : |
| | : |
| **Plaintiff** | : |
| | : **CIVIL NO. 3:CV-05-1763** |
| **vs.** | : |
| | : **(JUDGE VANASKIE)** |
| **WARDEN CAMERON LINDSAY,** | : |
| | : |
| **Defendant** | : |

**O R D E R**

**NOW**, this **7th day of NOVEMBER**, **2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Certify (Dkt. Entry 28) is **DENIED.**

                                            **s/ Thomas I. Vanaskie**
                                            Thomas I. Vanaskie
                                            United States District Judge