# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERSON NUNEZ,** | : |
| **Plaintiff** | : |
| | : CIVIL NO. 3:CV-05-1763 |
| vs. | : |
| | : (JUDGE VANASKIE) |
| **WARDEN CAMERON LINDSAY,** | : |
| **Defendant** | : |

# M E M O R A N D U M

**I.    Introduction.**

Plaintiff, Gerson Nunez, proceeding pro se, initiated this civil rights action on August 30, 2005. The action is proceeding via an amended complaint. Named as defendants are the following individuals: Cameron Lindsay, Warden of Canaan Federal Prison Camp ("FPC-Canaan"); Julie A. Nicklin, Camp Administrator; Jennifer Broton, Inmate Systems Officer; Frank Mecca, Inmate Systems Officer; D. Scott Dodrill, Bureau of Prisons ("BOP") Northeast Regional Director; and Harrell Watts, BOP National Inmate Appeals Administrator. Presently before the Court is Defendants' Motion for Summary Judgment premised on Nunez's alleged failure to exhaust administrative remedies prior to initiating this action, and Plaintiff's lack of standing to challenge the institution's practice of photographing inmate visitors. (Dkt. Entry 63.) Having carefully considered the matter, the Court will grant in part and deny in part Defendants' Motion for Summary Judgment.

## II. Relevant Procedural History.

On August 30, 2005, Nunez filed a "Motion for Preliminary Injunction Relief" (Dkt. Entry 1) alleging that he was removed from his law library job in retaliation for his use of the prison's grievance system challenging the institution's practice of photographing members of his family prior to entering the visiting room as well as the opening of his legal mail outside of his presence. (Id.) Nunez acknowledged in this document that he had not yet exhausted his administrative remedies relevant to the claims raised. (Id.) Given Nunez's pro se status, the Court construed the submission as a Complaint and directed service on the named Defendants. (See Dkt. Entry 11.) Plaintiff then sought allowance to file an Amended Complaint, citing that "Plaintiff filed a motion for injunctive relief while pending resolution of administrative remedies to avoid retaliation or intimidation by Defendants while remedies were pending. Administrative remedies are exhausted and to avoid dismissal of Plaintiff's complaint for failure to exhaust remedies this court should grant this motion to amend." (Dkt. Entry 18.) The Court granted Nunez's motion pursuant to Federal Rules of Civil Procedure 15(a). (Dkt. Entry 20.) Nunez's Amended Complaint was filed on February 14, 2006, raising the identical claims presented in his "Motion for Preliminary Injunction," but adding additional parties. (Dkt. Entry 30.) The Court dismissed the Bureau of Prisons ("BOP") and "FPC-Canaan" as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and directed service on the following

defendants: Broton, Dodrill, Mecca, Nicklin, Renda, Roberts and Watts.  (Dkt. Entry 41.)

On June 8, 2006, Defendants filed a motion for summary judgment with regard to the Amended Complaint.  (Dkt. Entry 63.)  Defendants submitted a timely supporting brief, exhibits, and statement of material facts.  (Dkt. Entries 66 and 67.)  Plaintiff's opposition to Defendants' motion is premised on a second motion to amend the complaint which was filed after Defendants' motion.[1]  (Dkt. Entry 81.)  Nunez did not file a response to Defendants' statement of material facts.

### III.     Statement of Relevant Facts.

#### A.     Exhaustion of Administrative Remedies with Respect to Claims of Retaliation and FPC-Canaan's Local Policy of Photographing Inmate Visitors.

On August 22, 2005, Nunez filed an Inmate Request to Staff questioning Defendant Renda as to FPC-Canaan's practice of taking, and storing, pictures of visitors prior to granting them visitation with an inmate.  (Dkt. Entry 30, Attachment A.)  On August 23, 2005, Renda advised Plaintiff that the institution had implemented a local policy "to ensure proper identification, and as an additional mechanism to ensure the good orderly running of

---

[1] That motion will be addressed by the Court under separate cover. However, I note that Nunez's Motion to Amend (Dkt. Entry 75) seeks to add a Privacy Act claim pursuant to 5 U.S.C. § 552 against the BOP and FPC-Canaan, parties that were dismissed from this action.

the institution." (Id. at Attachment B.)  Renda's response also noted that  "[a] review of your visiting history reveals you have not received a visit to date."  (Id.)  On August 25, 2005, Nunez filed an Informal Resolution form ("BP-8"), stating that Renda fired him from his job as a law clerk in the library and reassigned him to a landscaping crew in retaliation for his questioning Renda regarding the institution's policy of photographing inmate visitors.  (Id. at Attachment C.)  Defendant Nicklin and Roberts responded that Nunez was terminated from his law clerk position after failing to heed repeated warnings not to complete his personal legal work while on duty in the library.  Defendants also reiterated that FPC-Canaan's local policy of photographing visitors promoted "safety, security and [the] orderly running of the institution," and those visitors who refused to be photographed would be denied entry into the facility.  (Id. at Attachment D.)  Citing his recent exemplary performance evaluation by his supervisor, Nunez filed a Request for Administrative Remedy, or BP-9, asserting that Renda removed him from his job in the law library in retaliation for his challenge to the institution's practice of photographing visitors.  (Id. at Attachment E.)  On September 20, 2005, Warden Lindsay responded that Nunez was removed from his job as a clerk in the law library "due to [his] failure to follow direction on behalf of the Unit Team" that he "not complete [his] personal work while performing the duties as a clerk in the law library."  (Id. at Attachment F.)  Nunez filed an appeal to the Regional Administrator ("BP-10"), claiming that Renda "retaliated [against] me for exercising my constitutional rights. . . . Moreover, I have not been provided with any BOP

policy that authorized FPC-Canaan to keep a file with picture of inmates family." (Id. at Attachment G.)  Regional Director Dodrill supported the institution's reason for removing Nunez from his clerk position in the law library, found that Plaintiff had failed to present any evidence for his assertion of retaliation, and confirmed FPC-Canaan's ability to implement local visiting regulations requiring all visitors be photographed.  (Id. at Attachment H.)  On November 1, 2005, Nunez filed a Central Office Administrative Remedy Appeal ("BP-11"), asserting that FPC-Canaan's "local rule cannot be implemented as a law to violated (sic) my family constitutional rights."  (Id. at Attachment I.)  On January 3, 2006, the BOP Central Office Administrative Remedy Coordinator denied Plaintiff's appeal.  (Id. at Attachment J.)

### B. Exhaustion of Administrative Remedies with Respect to Claims of Opening Legal Mail Outside of Plaintiff's Presence.

On August 16, 2005, Nunez filed an Inmate Request to Staff alleging that on two occasions his legal mail was opened outside of his presence.  (Id. at Exhibit I.)  Defendant Nicklin responded that the mail in question did not conform to the BOP's applicable Program Statement, No. 5265.11, and thus was not treated as "Special Mail" to be opened in the inmate's presence.  (Id. at Exhibit II.)  Nunez then filed an Attempt at Informal Resolution ("BP-8"), requesting that his legal mail be opened in his presence.  (Id. at Exhibit III.)  Defendant Roberts denied the request, stating "[t]he envelopes in question were received from the Clerk

of Court, not the Chambers of the Judge, therefore they do not automatically qualify as legal mail to be opened in the presence of the inmate" as they "lacked the required marking 'Special Mail - Open in the presence of the inmate,'" and that the envelope from the ACLU failed to meet the required specifications "because the title 'Esquire' does not qualify an individual as an attorney." (Id. at Exhibit IV.)  On December 1, 2005, Plaintiff filed a BP-9, arguing that his mail from the Ninth Circuit Court of Appeals qualifies as legal mail as it was marked as such. (Id. at Exhibit V, and Appendix I - V.)  On December 9, 2005, Warden Lindsay denied Plaintiff's appeal.  (Id. at Exhibit VI.)  Plaintiff then filed a Regional Administrative Remedy Appeal that was denied by Regional Director Dodrill on January 10, 2006.  (Id. at Exhibits VII and VIII.)  On January 16, 2006, Nunez filed a Central Office Administrative Remedy Appeal. (Id. at Exhibit IX.)  The BOP Central Office Administrative Remedy Coordinator response to Nunez's appeal is not provided by the parties.  Nunez filed his Amended Complaint on February 13, 2006.

**IV.    Standard of Review.**

Summary judgment will be granted if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Rule 56(c) imposes a burden on the moving party to point to an absence of evidence supporting the

nonmoving party's case. Once the moving party has met this burden, the burden then shifts to the non-moving party. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, he may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Rather, he must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-248. Summary judgment must be entered in favor of the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587.

**V.     Discussion**.

        **A.     The Exhaustion Requirement**.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 126 S. Ct. 2378 (2006).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).  The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.  Woodford, 126 S. Ct. at 2387.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 2386.  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

A prisoner is not required to allege the complaint that administrative remedies have been exhausted.  Ray v. Kertes, 285 F.3d 287 (3d Cir.2002).  Failure to exhaust available administrative remedies is an affirmative defense.  Id.  As such, it must be pleaded

and proven by the Defendants.  Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

### B.     The BOP Administrative Remedy Program.

The Federal Bureau of Prisons has a three-step administrative process for an inmate to seek review of any aspect of his confinement.  The avowed purpose of the program "is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  The BOP Administrative Remedy Program first requires that an inmate initially attempt informal resolution of the matter (BP-8).  28 C.F.R. § 542.13(a).  In the event an informal resolution is not reached, he can start the formal administrative process by submitting a written Request for Administrative Remedy (BP-9) to the Warden.  See 28 C.F.R. §§ 542.13 - 542.14.  If dissatisfied with the Warden's response, the inmate may appeal to the appropriate Regional Director (BP-10).  Id. at § 542.15.  If the response of the Regional Director is not satisfactory, the inmate may then appeal (by way of a BP-11) to the Central Office of the Federal Bureau of Prisons, which is the final administrative appeal in the Bureau of Prisons.  (Id.)  No administrative remedy appeal is considered to be fully exhausted until reviewed by the BOP's Central Office.  (Id.)

### C.     The Merits of Defendants' Exhaustion Defense.

Defendants claim they are entitled to summary judgment as Nunez failed to

properly exhaust his administrative remedies prior to filing his action on August 30, 2005. (Dkt. Entry 66-1, Brief in Support of Defendants' Motion for Summary Judgment ("Defendants' Brief"); Dkt. Entry 67, Defendants' Statement of Material Facts ("DSMF"), ¶ 14.)  They note that "[i]n his original compliant, Nunez admits that the did not exhaust his administrative remedies prior to bringing his action in this Court."  (Dkt. Entry 66-1, Defendants' Brief.)  They assert that the administrative remedies attached to Nunez's Amended Complaint were commenced after the initiation of this action.

Ordinarily, Defendants' argument would be meritorious.  The difficulty here is that the Court elected to treat Nunez's initial filing, a motion for a preliminary injunction, as a Complaint.  In view of the impact such treatment has on payment of the filing fee as well as the exhaustion question, this was error.  Instead, the original filing should have been rejected on procedural grounds as an improper means for initiating an action in federal court.  See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.")  Had the motion not been accepted as the Complaint in this matter, the exhaustion requirement would have been satisfied when Nunez filed his Amended Complaint.  Were this Court to now dismiss this matter for failure to exhaust, Nunez would be required to remit the filing fee for this action and have to pay the fee a second time to bring the matters about which he complains in another action.  Significantly, Plaintiff's initial filing indicated that he did not want to commence a civil rights action until completing the administrative exhaustion process.  (Dkt. Entry 1, Complaint,

p. 6.) Under these unique circumstances, this Court's error in treating a preliminary injunction motion as a Complaint should not now result in Nunez having to commence the process anew.

Treating the Amended Complaint as the initial pleading in this matter, it is clear that Nunez satisfied the exhaustion requirement with respect to his retaliatory discharge claim and his challenge to the policy requiring visitors to be photographed.  It is not clear, however, that Plaintiff had exhausted the administrative process with respect to his claim that his legal mail was opened outside his presence.  Contrary to Defendants' suggestion, however, Nunez need not "attach copies of any formal administrative remedies or responses as proof of exhaustion." (See Dkt. Entry 67, DSMF ¶20.)  The failure to exhaust available administrative remedies is an affirmative defense to be pleaded and proven by Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).  Defendants have not presented affirmative evidence to show that the appeal to the Central Office had not been decided as of the time of the filing of the Amended Complaint.  Because Defendants have not carried their burden of proof to establish that Nunez filed his Amended Complaint prior to his BP-11 being responded to by the BOP Central Office Administrative Remedy Coordinator, summary adjudication of this issue is not appropriate at this time.  Accordingly, Defendants' motion for summary judgment based on Nunez's alleged failure to exhaust his administrative remedies will be denied.

### D. Nunez's Standing to Bring a Claim Challenging FPC-Canaan's Local Policy of Taking Photographs of Inmate Visitors.

Defendants assert that Plaintiff lacks standing to challenge FPC-Canaan's local rule of photographing inmate visitors as he does "not allege that he personally suffered any injury-in-fact" as his picture was not taken, he has not been prevented from participating in any visits at the institution, and none of his visitors has been denied entry into the facility. (Dkt. Entry 66-1, Defendants' Brief.) Plaintiff does not dispute these assertions.

Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed. Taliaferro v. Darby Tp. Zoning Bd, 458 F.3d 181, 188 (3d Cir. 2006). In order to establish standing pursuant to Article III, a party must demonstrate three things: (1) that he or she has suffered an "injury in fact" – an invasion of a legally protected interest; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992). Stated more succinctly, in order to establish standing in federal court, "a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 750-51 (1984). Moreover, the alleged injury must be concrete and particularized, not conjectural or hypothetical. Lujan, 504 U.S. at 560.

The burden of establishing these elements falls on the party invoking the Court's

jurisdiction. Id. at 561. The Supreme Court has held that "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Kowalski v. Tesmer, 543 U.S. 125, 129 (2004)(citing Warth v. Seldin, 422 U.S. 490, 499 (1975)); see also Powers v. Ohio, 499 U.S. 400, 410-11 (1991) (litigants generally cannot rest a claim to relief premised on the rights of third parties).

Nunez has failed to allege that he has been subjected to any harm or injury as a result of the questioned local policy. Nor has Nunez shown that the policy has precluded him from receiving any visitors. Instead, Nunez appears to be contending that the interests of visitors are adversely affected by the policy, suggesting that it intrudes on their privacy interests. This purported injury does not give Nunez standing to complain of the policy. Accordingly, the challenge to the policy of photographing visitors will be dismissed.

**VI.   Conclusion.**

For the reasons set forth above, Defendants' motion for summary judgment based on Nunez's failure to exhaust available administrative remedies related to his claims will be denied. However, because Nunez failed to demonstrate an injury in fact as a result of Defendants' implementation of the visitor photo policy, he lacks standing to challenge it. As a result of this ruling, the claims remaining in this case relate to: (1) Nunez's alleged retaliatory discharge from his prison job; and (2) the alleged improper opening of his legal mail outside of

his presence.  My decision today does not preclude Defendants from seeking summary judgments on the exhaustion issue with respect to the latter claim or on the merits of both remaining claims.

                                              **s/ Thomas I. Vanaskie**
                                              Thomas I. Vanaskie
                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERSON NUNEZ,** | : |
| | : |
| **Plaintiff** | : |
| | : CIVIL NO. 3:CV-05-1763 |
| **vs.** | : |
| | : (JUDGE VANASKIE) |
| **WARDEN CAMERON LINDSAY,** | : |
| | : |
| **Defendant** | : |

# O R D E R

**NOW**, this **8th day of NOVEMBER**, **2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Dkt. Entry 63) is **GRANTED in part, and DENIED in part**.

2. Plaintiff's claim concerning the policy to photograph inmate visitors is **DISMISSED.**

3. Defendants are directed to file an Answer to the remaining claims of the Amended Complaint within twenty (20) days of the date of this Order.

              **s/ Thomas I. Vanaskie**
              Thomas I. Vanaskie
              United States District Judge