**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERSON NUNEZ, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 3:CV-05-1763 |
| | : (JUDGE VANASKIE) |
| WARDEN CAMERON LINDSAY, | : |
| Defendant | : |

**M E M O R A N D U M**

**I.    Introduction.**

Presently before the Court is Gerson Nunez's Motion to Amend the Complaint and Consolidate.  (See Dkt. Entry 75.)  Plaintiff provides a separate document which he seeks to have consolidated to the current complaint in this Bivens action.  (See Dkt. Entry 76, Proposed Amendment to the Complaint.)   Nunez seeks to add new parties as well as new claims via his consolidated action, including a claim premised on the Privacy Act concerning the Bureau of Prison's ("BOP") practice at FPC-Canaan of obtaining and maintaining photographs of inmates' visitors.[1] (Id.)

---

[1] The Privacy Act, 5 U.S.C. § 552a, requires governmental agencies to maintain accurate records and provides individuals with certain safeguards, including the right to require correction of inaccurate records.  The Act authorizes civil actions to enforce the amendment and accuracy requirements, and provides for monetary damages, costs and attorney's fees where the inaccurate record has resulted in an adverse determination and the agency is shown to have acted intentionally and willfully.  Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 581 (D.C. Cir. 2002).

After careful consideration, I will deny Plaintiff's motion as he lacks standing to raise a Privacy Act claim against Defendants for the collection and retention of inmate visitor photographs.

## II.     Relevant Procedural History.

On August 30, 2005, Nunez filed a "Motion for Preliminary Injunction Relief" (Dkt. Entry 1), alleging that he was removed from his law library job in retaliation for his use of the prison's grievance system challenging the institution's practice of photographing members of his family prior to entering the visiting room, as well as the opening of his legal mail outside his presence. (Id.) Nunez acknowledged in this document that he had not yet exhausted administrative remedies relevant to the claims raised. (Id.) Given Nunez' pro se status, the Court construed the submission as a Complaint and directed service on the named Defendants. (See Dkt. Entry 11.) Plaintiff then sought, and was granted, permission to file an Amended Complaint. (Dkt. Entry 20.) Nunez filed his Amended Complaint on February 14, 2006. (Dkt. Entry 30.)

I recently determined that Nunez lacked standing to challenge FPC-Canaan's policy of photographing visitors, and dismissed that claim. (Dkt. Entry 105.) As a result, the following claims remain: (1) retaliatory removal from prison law clerk position; and (2) alleged improper handling of legal mail. (Id. at 13-14.)

**III.     Standard of Review.**

> Under Fed.R.Civ.P. 15(a):
>
>> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  Leave to amend under Rule 15(a) should be liberally granted.  The Court, however, may deny leave to amend or supplement where the new claims would not withstand a motion to dismiss or where amendment would cause delay or prejudice to a party. See Arthur v. Maersk, Inc., 434 F.3d 196, 202 - 203 (3d Cir. 2006).

**IV.     Discussion.**

Nunez's proposed amendment purports to be presented on behalf of himself, "his mother and cousin and all inmates and inmate family who are similarly situated for violation of Plaintiffs constitutional rights."  (Dkt. Entry 76.)  Plaintiff claims Defendants are violating the rights of his family members and others by "unlawfully collecting photographs and other date of visitors prior to entering the visiting room, and maintaining an illegal data base with picture and visitor information."  (Id.)  He "presumes and believes that Defendants may already have shared with [various federal] agencies" the information and photos of individuals

who visit FPC-Canaan inmates.  (Id. at p. 8.)  Nunez provides an affidavit from his mother, Ms. Sylvia Liriano, who states that she was unaware that FPC-Canaan had photographed her on any of the six occasions she visited her son at FPC-Canaan.  (Dkt. Entry 78, Affidavit of Liriano, ¶¶ 5 - 6.)  However, once Nunez informed her of the institution's practice, she continued to visit him and "involuntarily agree[d] with the photograph in order to be allowed entry into the institution to visit [her] son."  (Id.)  Ms. Liriano, believes staff "treated [her] as a criminal" and "that [her] picture may have been disclosed to any other Agencies of the United States of Government."  (Id.)  Outside of his own assertions, Nunez fails to demonstrate that his mother's photograph was taken, or that her picture was disseminated to any other agency.  As relief, inter alia, Nunez seeks the destruction of all photographs of inmate visitors, and that criminal charges be brought against those Defendants who unlawfully gathered and collected photos of his visitors.  (Id. at p. 22.)

Given the procedural history of this case, Nunez may not file and amended complaint without leave of Court.  See Fed. R. Civ. P. 15(a).  In this instance Plaintiff will not be permitted to amend the complaint as he lacks standing to raise a Privacy Act claim based on FPC-Canaan's practice of photographing friends and family who chose to visit him at the prison.  See Taliaferro v. Darby Township Zoning Board, 458 F.3d 181 (3d Cir. 2006); see also Dkt. Entry 105, Memorandum and Order of November 8, 2006, at 12-13, resolving Defendants' Motion for Summary Judgment.   As Nunez clearly explains, the policy in question requires

inmate visitors be photographed as a condition precedent to their entry into the visitor room. Any invasion of privacy interests concerns the visitors, not the inmates. As such, his standing to bring a Privacy Act claim would fail, and thus to permit him to file a Second Amended Complaint at this time to include such a claim would be futile.

Nor does Nunez have the capacity to represent others in this action. If his visitors believe that their rights are somehow violated by the policy, they may pursue the claim on their own. Nunez cannot do that for them.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERSON NUNEZ,** | : |
| | : |
| **Plaintiff** | : |
| | : CIVIL NO. 3:CV-05-1763 |
| vs. | : |
| | : (JUDGE VANASKIE) |
| **WARDEN CAMERON LINDSAY,** | : |
| | : |
| **Defendant** | : |

**ORDER**

**February 12, 2006**

**AND NOW,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend and Consolidate (Dkt. Entry 75) is **DENIED**.

                                                    **s/ Thomas I. Vanaskie**
                                                    Thomas I. Vanaskie
                                                    United States District Judge