IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERSON NUNEZ, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-05-1763 |
| vs. | : | |
| | : | (JUDGE VANASKIE) |
| WARDEN CAMERON LINDSAY, | : | |
| Defendant | : | |

M E M O R A N D U M

I. Introduction.

Presently before the Court are Plaintiff's Motion and Demand for Copies (Dkt. Entry 168), and his Motion to Compel Discovery (Dkt. Entry 169). For the reasons set forth below, Plaintiff's motion for copies will be denied and the motion to compel will be granted in part.

II. Background.

On August 30, 2005, Gerson Nunez, a federal prisoner currently incarcerated at the Canaan Federal Prison Camp ("FPC-Canaan"), in Waymart, Pennsylvania, initiated the present action. On November 8, 2006, the Court granted in part, and denied in part, Defendants' Motion for Summary Judgment. (Dkt. Entry 105.) The two remaining claims in this case relate to: (1) Nunez's alleged retaliatory discharge from his prison job; and (2) the alleged improper opening of his legal mail outside of his presence. (Id.)

On January 14, 2008, the Court resolved Nunez's First Motion to Compel. In that motion, Nunez alleged he properly served defense counsel with discovery requests which went unanswered. (DKt. Entry 149.) Defense counsel, claiming to be unaware of the discovery requests prior to the filing of the motion to compel, agreed to answer the discovery if Nunez re-served the requests. Based on this agreement the Court denied the motion. (See Dkt. Entry 161.) Nunez's present motion to compel challenges defendants' responses to his first set of discovery. He alleges that: (1) defendants refused to answer more than 25 interrogatories each even though the Middle District's former Local Rule 402.8 permitted more; (2) defendants Nicklin, Renda, Roberts, Mecca and Broton have failed to properly respond to Interrogatories 2, 3, 4, 5, 8 through 16, and 20 through 25; and (3) defendants' response to his first request for production of documents is inadequate. Nunez's second pending motion asserts that he did not receive copies of defendants' motion for a protective order or their motion to dismiss.

## III. Discovery Overview.

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. See Fed. R. Civ. P. 37(a)(1), (3) and (4). Pursuant to Rule 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). See Fed. R. Civ. P. 33(a)(2).

The polestar of discovery is relevance. Federal Rule of Civil Procedure 26(b)(1) establishes the general scope of discovery and states in pertinent part that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

## IV. Discussion.

### A. Motion for Relief and Demand for Copies of Defendants' Recent Filing with the Court.

Defendants Watts, Dodrill, Lindsay, Roberts, Nicklin, Broton and Mecca filed their Motion to Dismiss and supporting brief on February 13, 2008. (Dkt. Entries 162 and 163.) On the same day, defendants served Nunez with responses to his First Request for Production of Documents, and eight sets of interrogatories. Defendants simultaneously sought a Motion for Protective Order to stay the obligation to respond to further discovery pending the resolution of their Motion to Dismiss. Finding the motion sound, the Court granted it on February 14, 2008. (Dkt. Entry 167.) Nunez does not suggest that he did not receive this Court's order granting that motion. Plaintiff did not seek reconsideration of that motion.

Although Plaintiff avers he never received a copy of defendants' motion to dismiss or their motion for a protective order, each document contains the appropriate certificate of service indicating Plaintiff was properly served. Nonetheless, Nunez acknowledges in subsequent filings that he did eventually receive copies of both motions. (See

Dkt. Entry 170, Plaintiff's Opposition to Defendants Motion to Dismiss, fn. 1.) Therefore, as Nunez now concedes that he has received both filings, Plaintiff's Motion for Copies (Dkt. Entry 168) will be denied as moot.

B. Motion to Compel Discovery.

1. Defendants need not Answer Interrogatories 26 through 40 as they Exceed the Allowable Number.

In general, the Federal Rules of Civil Procedure state that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). "By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions ..." Fed. R. Civ. P. 26(b)(2)(A). Consistent with Rule 33(a) of the Federal Rules of Civil Procedure, this Court's Local Rule 33.3 provides that "interrogatories to a party, as a matter of right, shall not exceed twenty five (25) in number." Parties may exceed this limit only by written stipulation by the parties or by court order demonstrating the necessity for relief. (Id.)

Nunez's reliance upon former Middle District Local Rule 402.8 is misplaced. That rule was superseded and replaced by Local Rule 33.3 long before this action was instituted. The Federal Rules of Civil Procedure and the Middle District Local Rules in effect at the time of the filing of this action and in effect at the present time limit the number of

interrogatories to be served on a party to 25 absent written stipulation by the parties or court order. To date, Nunez has not presented evidence of such a written stipulation and the Court has not entered an order allowing more than 25 interrogatories. Thus, Nunez's motion to compel defendants to respond to interrogatories 26 through 40 will be denied.

2. Interrogatories in Dispute (2, 3, 5, 6, 8, 9, 10, 11, 12, 14, 15, 16, 20, 21, 22, 23, 24 and 25).

Interrogatories 2, 3, 5 and 6 seek information as to each defendants' marital status and the name of their spouse; information as to their previous employers and reason for leaving prior employment; and their educational background. (See Dkt. Entry 176-3, Defendant Nicklin, Renda, Roberts, Mecca and Broton's Responses to Nunez's First Set of Interrogatories.) Defendants will not be required to respond to these interrogatories as the information requested is not relevant to the proceedings, and the requests are not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatories 8 through 16 request information as to the existence and identification of any formal or informal civil, criminal, internal disciplinary complaints, investigations or other lawsuits filed against each defendant. (Id.) Defendants will be directed to answer these questions only to the extent that they have ever been named as a defendant in a criminal or civil action by a BOP inmate involving a claim of retaliation or the improper opening of legal mail outside of an inmate's presence. If a defendant answers affirmatively to

this inquiry, he should provide the following information for each instance: (a) the title of the case; (b) the court; (c) the docket number; and (d) the disposition of the action.

Interrogatories 20 through 25 posed to defendants Nicklin and Renda[1] seek personal financial information. Nunez requests information as to their bank accounts, financial statements, whether defendants have ever filed for bankruptcy, as well as any real estate and personal property holdings. Defendants will not be required to respond to these interrogatories as they are irrelevant to the proceedings, and are not reasonably calculated to lead to the discovery of admissible evidence.

Finally, Nunez claims defendants Mecca and Broton failed to adequately answer interrogatories 21 and 24. Interrogatory 21 seeks information as to the handling of mail at the prison. Both defendants responded that staff are assigned to work in the mailroom on a quarterly basis. Assigned personnel responsible for picking up and delivering the mail. Each defendant objected to providing any specific information regarding mailroom procedures as "it may threaten the good order, security and discipline of the institution." Defendants will not be required to further respond to this request as Nunez fails to specifically identify his need for this information.

As for interrogatory 24, it seeks to know what training a mail room officer undertakes,

---

[1] The interrogatories served on defendant Roberts, Mecca and Broton vary slightly from those addressed to Nicklin and Renda. (See Dkt. Entry 176-3, Exhs. 3 - 5.)

what percentage of those who take the test pass, and each defendant's test scores. (See Dkt. Entry 173-3, Exh. 4 and 5.) Defendants answered this question to the best of their ability, stating that a minimum of 75% is required to pass but they did not know what percentage of BOP employees passed the test. Defendants objected to releasing their test scores asserting this is private information and irrelevant to the proceedings. The Court agrees.

3. Nunez's Request for Production of Documents.

Request number 1 seeks a wide variety of documents relating to mail room or mail handling procedures including legal mail, general delivery, priority mail, overnight mail, certified mail, etc. (See Dkt. Entry 173-3, Exh. 6, Defendants' Objections and Answers to Plaintiff's Request for Production of Documents.) Defendants rightfully objected to the request as being overly broad, vague and unduly burdensome, but nonetheless produced a number of documents.

Request number 2 seeks production of all teaching or training materials provided to BOP staff regarding mail room and mail handing procedures. (See Dkt. Entry 176-3, Exh. 6, Defendants' Objections and Answers to Plaintiff's Request for Production of Documents at R. 56.) Defendants responded "[a]t this time, Defendants are unsure as to whether there are any documents responsive to this request. Should Defendants discover responsive documents, they will promptly supplement their response." (Id.) Nunez cites to Roberts' response to interrogatory 23 (see dkt. entry 176-3 at R. 29), which states that he

"completed the Bureau of Prisons Mail Management Module" as a cross-development training opportunity" as indicating the existence of some documents responsive to this request. Defendants respond that Roberts' training module may not have included any materials to produce, but they are "unsure" and would supplement their response if necessary. Mecca's response to interrogatory 15 (what qualifies you to be a mail room officer), was as follows: "I became a mail room officer in August 2004. In October 2004 I completed one week of on-the-job training at USP Allenwood. I wrote institutional supplement CAA 5800.10 Mail Room Management and I am familiar with the applicable Program Statements and Institutional Supplements. I completed the Mail Room Management self-study course in September 2005. I attended the Inmate Systems Officer training course in November 2006 at the MSTC in Aurora, Colorado." (See Dkt. Entry 176-3 at R. 38.) This response is echoed in defendant Broton's response to interrogatory 17. (See Dkt. Entry 176-3 at R. 48.) Clearly, there are documents responsive to Nunez's request. Therefore, given the relevance of Nunez's second request for production of documents, and defendants' uncertainty as to any responsive documents, in conjunction with defendants' interrogatory responses related to their training to be mail room officers, the Court will direct defendants to supplement their response to this document request by producing those responsive documents that have yet to be given to Nunez.

Requests numbers 3, 4 and 5 all relate to defendants' presentation of witnesses

and documentary evidence at trial. Nunez again asserts, without more, that defendants' responses to these requests are "evasive and/or object to the question presented." (Dkt. Entry 169, Motion to Compel at R. 5.) The Court does not find defendants' responses inappropriate. This matter has not yet reached the trial stage. If this matter reaches the trial phase, the Court will issue the appropriate pre-trial order requiring the parties to exchange such information in advance of trial.

The final request seeks the "full and complete records of each Defendant named in this action." (Dkt. Entry 176-3 at R. 58). The defendants correctly concluded that Nunez seeks information protected under the Privacy Act under 5 U.S.C. § 552a(b)(6) (personnel and medical files and similar files the disclosure of which would constitute a clear unwarranted invasion of personal privacy). Accordingly, Defendants will not be required to disclose their personnel files.

An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERSON NUNEZ, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-05-1763 |
| vs. | : | |
| | : | (JUDGE VANASKIE) |
| WARDEN CAMERON LINDSAY, | : | |
| | : | |
| Defendant | : | |

O R D E R

NOW, this 11th day of July, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion and Demand for Copies (dkt. entry 168) is DENIED.

2. Plaintiff's Motion to Compel (dkt. entry 169) is GRANTED IN PART.

3. Within fifteen (15) days of this Order, Defendants will indicate whether they have ever been named as a defendant in a criminal or civil action by an inmate involving a claim of retaliation or the improper opening of legal mail outside of an inmate's presence. If a defendant responds affirmatively to this inquiry, he or she should provide the following information for each instance: (a) the title of the case; (b) the court; (c) the docket number; and (d) the disposition of the action.

4. Within fifteen (15) days of the date of this Order,

Defendants will produce all documents responsive to Request for Production No. 2.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge